UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-8048-CBM (KK)** | Date: | September 30, 2019 |
| Title: | *Kenneth W. Mills v. CA Dept. of Corrections and Rehabilitation* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order To Show Cause Why Petition Should Not Be Summarily Dismissed As Second And Successive

## I.
## INTRODUCTION

On September 8, 2019, Kenneth W. Mills ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 challenging his conviction for mayhem and assault. The Petition appears subject to dismissal because it is second and successive. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue.

## II.
## PROCEDURAL HISTORY

### A.   STATE COURT PROCEEDINGS

Petitioner was convicted of mayhem and assault in Los Angeles County Superior Court arising out of an incident on March 3, 2005 while he was a patient at Metropolitan State Hospital in Norwalk, California. See People v. Mills, No. B247127, 2014 WL 3509975, at *1 (Cal. Ct. App. July 16, 2014).[1] Petitioner was sentenced to a term of twenty-one years in state prison. Id. On July 16,

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

2014, the California Court of Appeal affirmed the conviction. Id. Petitioner does not appear to have filed a petition for review with the California Supreme Court.

**B.    FEDERAL HABEAS PROCEEDINGS**

On April 17, 2017, Petitioner constructively filed[2] a habeas petition in the Eastern District of California, Case No. 2:17-cv-873-JAM-EFB ("First Petition"). Mills v. California Department of Corrections and Rehabilitation, CV 17-6748-CBM (KK), Dkt. 1. The First Petition challenged Petitioner's conviction for mayhem and assault in Los Angeles County Superior Court based on the denial of counsel at a competency hearing. Id. at Dkt. 23. While the relief sought was not entirely clear from the face of the First Petition, Petitioner argued he was "illegally imprison[ed]". Therefore, on September 12, 2017, after numerous opportunities to clarify the relief sought, the First Petition was construed as a habeas petition, transferred to this Court, and assigned case number CV 17-6748-CBM (KK). Id. at Dkt. 25.

On October 18, 2017, Petitioner filed a habeas petition in this Court, which received case number CV 17-7901-CBM (KK). Mills v. California Department of Corrections, CV 17-7901-CBM (KK), Dkt. 1. This petition also challenged Petitioner's conviction for mayhem and assault in Los Angeles County Superior Court based on the denial of counsel at a competency hearing. Id. Petitioner again argued he was "illegally imprison[ed]". Id.

On December 4, 2017, the First Petition and the petition in case number CV 17-7901 (collectively, the "2017 Petitions") were consolidated and dismissed with prejudice as untimely. See Mills v. California Department of Corrections and Rehabilitation, CV 17-6748-CBM (KK), Dkts. 36, 37, 38; see also Mills v. California Dep't of Corr. & Rehab., No. CV 17-6748-CBM (KK), 2017 WL 6048907, at *1 (C.D. Cal. Oct. 31, 2017), report and recommendation adopted, 2017 WL 6060595 (C.D. Cal. Dec. 4, 2017).[3]

On September 8, 2019, Petitioner constructively filed the instant Petition in the Eastern District of California, Case No. 2:19-cv-1831-GGH ("Petition"). Dkt. 1. The Petition again appears to challenge Petitioner's conviction for mayhem and assault in Los Angeles County Superior Court based on alleged denial of a jury trial and argues Petitioner is "illegally imprisoned". Id. at 3. On September 17, 2019, the Eastern District of California transferred the Petition to this Court. Id. at Dkt. 5.

**III.
DISCUSSION**

Habeas petitioners generally may file only one habeas petition challenging their conviction or sentence. See 28 U.S.C. § 2244(b)(1). Hence, if a prior petition raised a claim that was adjudicated

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

[3] Petitioner has filed numerous other habeas petitions that have been repeatedly dismissed as duplicative. See Case Nos. CV 18-2785-CBM (KK); CV 18-3338-RGK (KK); CV 18-5354-RGK (KK); CV 19-924-CBM (KK); and CV 19-5280-CBM (KK).

on the merits, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]." Id. § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated."). Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization. Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

Here, the instant Petition challenges the same conviction that was challenged in the 2017 Petitions which were adjudicated on the merits. See Dkt. 1; McNabb, 576 F.3d at 1029 ("[T]he dismissal of a habeas petition as untimely constitutes a disposition on the merits . . . and a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."). Consequently, the instant Petition is second or successive to the 2017 Petitions. As Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the instant Petition is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).

## IV.
## ORDER

Thus, the Court ORDERS Petitioner to respond **no later than October 21, 2019** by electing one of the following options:

1. File a written response explaining the Petition is not a second and successive petition or showing that the Ninth Circuit has authorized review of this Petition. If Petitioner contends the Petition is not a second and successive petition, Petitioner should clearly explain this and attach any supporting documents showing that his claim is not second and successive to his prior claim; or

2. Voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form.** However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to demonstrate the Petition is not a second or successive petition, **or fails to respond by October 21, 2019**, the Court will dismiss the Petition without prejudice as a second and successive petition and/or for failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**